IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH MCCALL, *Individually and as Personal Representative of the Estate of Ryan Lee McCall*, WANCHART MCCALL, *Individually and as Personal Representative of the Estate of Ryan Lee McCall*, <br><br>        Plaintiffs, <br>  v. <br><br>AVCO CORPORATION, LYCOMING ENGINES, and AVCO LYCOMING-TEXTRON WILLIAMSPORT, <br><br>        Defendants. | No. 4:18-CV-01350 <br><br> (Judge Brann) |

## ORDER

MAY 7, 2019

### I. BACKGROUND

Ryan Lee McCall died as a result of a small aircraft accident on March 29, 2015 shortly after takeoff from an Orange County, Virginia airport. At the time of this tragedy, McCall was a student pilot operating a Piper PA-28 model aircraft. His parents, Deborah and Wanchart McCall, the Plaintiffs in the matter before the Court, instituted suit alleging that the crash of the Piper PA-28, and their son's death, was caused by defective products manufactured and designed by Defendants

Avco Corporation, Lycoming Engines, and Avco Lycoming-Textron Williamsport; these products are alleged to have been installed on this aircraft.

Plaintiffs first filed a civil action against the Defendants, and others, in the Circuit Court of Fairfax County,[1] Virginia. Because Defendants preserved an objection to personal jurisdiction in the Virginia action, Plaintiffs then filed the instant suit as a savings action in the Court of Common Pleas of Philadelphia County. Defendants timely removed the case to the Eastern District of Pennsylvania, which subsequently transferred venue to this Court on July 6, 2018.

Two motions are currently pending, a motion to lift a stay of this action and a motion to remand the matter to the Court of Common Pleas of Philadelphia County. Both motions are now ripe for disposition.

## II. DISCUSSION

### A. The Stay

It is well-established that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[2] Moreover, "the same court that imposes a stay of litigation has the inherent power

---

[1] Later transferred to Orange County, Virginia.

[2] *Landis v. N. American Co.*, 299 U.S. 248, 254 (1936).

and discretion to lift the stay."³ I granted a stay in this matter by Order dated November 5, 2018. I considered the following four factors when the stay was granted: (1) the length of the requested stay; (2) the hardship that the moving party would face in going forward with the litigation; (3) the injury that a stay would cause the non-moving party; (4) and whether a stay will simplify issues and promote judicial economy.⁴

However, "when circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate, the court may lift the stay."⁵ At the time that the stay was granted, this Court was motivated primarily by the fact that the stay would promote judicial economy; I found a lack of hardship or injury to either party because the first-filed action pending now in the Circuit Court of Orange County, Virginia was between the same parties and concerned the same subject matter. Moreover, it was anticipated that the Virginia matter would proceed to trial by February 1, 2019. Because the Virginia action remains in discovery, with apparently no set trial date, the circumstances have changed such that the stay will be lifted in this matter.

---

3   *Air Vent, Inc. v. Owens Corning Corp.*, No. 02:10-CV-01699, 2013 WL 1102811, at *2 (W.D. Pa. Mar. 15, 2013) *quoting Canady v. Erbe Elektromedizin GmbH*, 271 F.Supp.2d 64, 74 (D.D.C.2002).

4   *Structural Group, Inc. v. Liberty Mut. Ins. Co.*, 2008 WL 4616843, *4 (M.D. Pa. October 16, 2008) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

5   *Air Vent, Inc.*, at * 2.

That said, however, this action was filed merely as a savings action by Plaintiffs solely because Defendants refuse to concede personal jurisdiction in Virginia.[6] Thus, to "avoid the possibility of multiple trials on [the same set of facts] that [] would involve substantially the same defenses, evidence, and witnesses,"[7] the stay is lifted as to discovery only. Dispositive motions deadlines and trial dates in this matter will be set, if necessary, at the conclusion of the Virginia litigation.

To that end, I respectfully suggest that the parties consider stipulating to an administrative closing of this matter, with the understanding that this action may be re-opened within a rejoinder period (to be determined by the parties), in the event that one or more of the Defendants contests personal jurisdiction in the Virginia lawsuit.[8]

**B.     Remand**

Additionally, Plaintiffs move to remand, alleging that Lycoming Engines is a Pennsylvania Defendant. As noted above, Defendants removed this action from the Philadelphia Court of Common Pleas asserting that this Court has jurisdiction on the basis of diversity, pursuant to 28 U.S.C. § 1332(a) and § 1441. The removal

---

[6]    *See* ECF No. 27 at 1 and 39-1 at 3.

[7]    *Sprint Commc'ns Co. L.P. v. Comcast Cable Commc'ns LLC*, No. 11-2684-JWL, 2015 WL 5883716, at *1 (D. Kan. Oct. 8, 2015).

[8]    *See, e.g., Holleran v. Avco Corp., et. al.,* No. 4:07-CV-02249-JEJ, March 31, 2008, ECF No. 17. A copy of the stipulated Order from *Holleran* has been attached to the instant Order.

was timely under 28 U.S.C. §1446; Plaintiffs' motion to remand was also timely filed under 28 U.S.C. § 1447(c).

Plaintiffs contend that Defendants are headquartered in Pennsylvania, despite Defendants' assertions to the contrary. As such, Plaintiffs argue that remand is proper because Defendants were properly sued in the Court of Common Pleas of Philadelphia County.

Plaintiffs attempt to advance the 'forum defendant rule' of 28 U.S.C. § 1446(b)(2), which states "a civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." The forum defendant rule "makes diversity jurisdiction in a removal case narrower than if the case was originally filed in federal court by the plaintiff."[9]

"Under the 'forum defendant rule,' a defendant can remove a case based on diversity jurisdiction only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[10] "Federal courts lack diversity jurisdiction over a removed case in which one of the

---

[9] *Perez v. Forest Labs., Inc.,* 902 F. Supp. 2d 1238, 1241 (E.D. Mo. 2012), *see also Encompass Ins. Co. v. Stone Mansion Rest. Inc.,* 902 F.3d 147, 152 (3d Cir. 2018).

[10] *Id. citing Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 90 (2005).

defendants is a citizen of the forum state."[11] "The forum defendant rule 'recognizes that the rationale for diversity jurisdiction no longer exists when one of the defendants is a citizen of the forum state since the likelihood of local bias is reduced, if not eliminated.'"[12]

It is clear that "on a motion to remand, the removing party bears the burden of establishing the propriety of removal."[13] "Removal statutes are to be strictly construed against removal and all doubts resolved in favor of remand."[14]

Here, Plaintiffs suggest that there is a lack of diversity jurisdiction, citing holdings from the Eastern District of Pennsylvania. However, as the undersigned sits in the Middle District of Pennsylvania, I am more persuaded by the reasoning of my colleague, the Honorable Yvette Kane, in holding that "Defendant Textron is a citizen of Delaware and Rhode Island; Defendant AVCO is a citizen of

---

[11] *Id.* The 'forum defendant rule' has been perplexing to Courts, as diversity jurisdiction does exist if Plaintiff filed a diversity action against an in-state Defendant in federal court, and the Third Circuit has postulated the reason for the forum defendant rule as follows:

> The legislative history provides no guidance; however, courts and commentators have determined that Congress enacted the rule "to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve." Arthur Hellman, et al., Neutralizing the Strategem of "Snap Removal": A Proposed Amendment to the Judicial Code, 9 Fed. Cts. L. Rev. 103, 108 (2016) (*quoting Sullivan v. Novartis Pharms. Corp.*, 575 F.Supp.2d 640, 645 (D.N.J. 2008 ); *see also Goodwin v. Reynolds*, 757 F.3d 1216, 1221 (11th Cir. 2014) (noting the same).

*Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 153 (3d Cir. 2018).

[12] *Figured v. Davies*, No. 3:16-CV-467, 2016 WL 3148392, at *2 (M.D. Pa. June 2, 2016) (Caputo, J.) (internal citation and quotation omitted).

[13] *Id. citing Boyer v. Snap-On Tools Corp.,* 913 F.2d 108, 111 (3d Cir. 1990), cert. denied, 498 U.S. 1085, 111 S. Ct. 959, 112 L.Ed. 2d 1046 (1991).

[14] *Id.*

Delaware and [Rhode Island].[15] Defendant Lycoming Engines is a division of AVCO and as such it shares citizenship with that company."[16]

In this matter, Plaintiffs are both citizens of Virginia, complete diversity of citizenship exists between the parties, and diversity jurisdiction is appropriate in this Court, as the amount in controversy exceeds the $75,000 jurisdictional requirement.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Defendant Avco Corporation's Motion to Lift Stay, February 12, 2019, ECF No. 37, is **GRANTED**, to the extent discussed herein.

2. Plaintiffs' Motion to Remand, July 24, 2018, ECF No. 16, is **DENIED**.

3. Plaintiffs' request for attorneys' fees, costs, and expenses pursuant to 28 U.S.C. § 1447(c) is also **DENIED**.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[15] At the time of the Judge Kane opinion in *3CG, LLC v. Textron, Inc., et al*, Avco was headquartered in Massachusetts. In 2012, Avco moved its headquarters to 40 Westminster St., Providence, Rhode Island. This has no effect on the issue of diversity here, as Plaintiffs are not residents of either Massachusetts or Rhode Island.

[16] *3CG, LLC v. Textron, Inc.*, No. 4:11-CV-00880, 2011 WL 3627682, at *2 (M.D. Pa. Aug. 16, 2011) (Kane, J.).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(WILLIAMSPORT DIVISION)

| | | |
|---|---|---|
| ROBIN HOLLERAN | : | No. 4:07-CV-2249-JEJ |
| | : | |
| Plaintiff | : | (Judge John E. Jones, III) |
| v. | : | |
| | : | |
| AVCO CORPORATION, et al. | : | |
| | : | Complaint Filed: |
| Defendants. | : | December 12, 2007 |

## STIPULATION OF DISMISSAL WITHOUT PREJUDICE

This lawsuit arises from an aircraft accident which occurred on December 27, 2005 near Locust Grove, GA, involving a Cessna 177RG, U.S. FAA registration N53257 (the "accident aircraft"). The accident aircraft was equipped with a Lycoming IO-360-A1B6D model engine, serial number L-17875-51A (the "accident engine"). The accident engine was also equipped with certain connecting rod bearings, part number LW-13212, alleged to be designed, manufactured and/or sold by one or more of the defendants herein.

In addition to the above-captioned lawsuit (hereinafter, the "Pennsylvania lawsuit"), plaintiff has filed a companion lawsuit arising out of the same accident in the United States District Court for the Northern District of Georgia (Atlanta Division), Civil Action No. 1:07-cv-3046 (hereinafter the "Georgia lawsuit").

**IT IS HEREBY STIPULATED AND AGREED** by and among the parties, through their undersigned counsel, as follows:

1. This action is dismissed, without prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, with each party to bear its own costs.

2. This Stipulation of Dismissal Without Prejudice will not be treated as nor count as a dismissal for any purposes under the two-dismissal rule set forth in Federal Rule of Civil Procedure 41(a) or any similar state court rule and/or statute.

3. In the event that one or more of the defendants herein contests personal jurisdiction in the Georgia lawsuit as a result of which plaintiff determines that it is necessary to re-file the Pennsylvania lawsuit in this Court, it is further stipulated and agreed that plaintiff may do so for a period of time up until sixty (60) days after one of the defendants herein raises the defense of lack of personal jurisdiction in the Georgia lawsuit (hereinafter the "Rejoinder Period"). If plaintiff does re-file the Pennsylvania lawsuit during the Rejoinder Period, it is further stipulated and agreed that the defendants will not raise the statute of limitations as a defense and further, that undersigned counsel for the defendants

hereby agrees, in accordance with Federal Rule of Civil Procedure 4, to accept service of the Notice of Lawsuit and Request for Waiver of Service of Summons and also to execute and return the Waiver of Service of Summons to undersigned counsel for plaintiff, hereby waiving Service of Summons on the related defendants; however, by agreeing to do so, the defendants herein, if the Pennsylvania lawsuit is re-filed, do not waive any defenses (other than to extend the statute of limitations as set forth above) and specifically retain all other defenses or objections to the lawsuit, except for objections based on a defect in the summons or in the service of the summons.

4. In the event that plaintiff re-files the Pennsylvania lawsuit for the reason set forth in paragraph 3 above, it is further stipulated and agreed that the defendants KS Bearings, Inc., ML-KS Bearings, Inc. and KOLBENSCHMIDT PIERBURG AG, On Behalf Of Its KS Bearings, Inc. Division or Subsidiary (hereinafter the "KS Bearings defendants"), will be dismissed from any re-filed Pennsylvania lawsuit and KS Gleitlager, USA, Inc., the successor-in-interest to KS Bearings, Inc., will be substituted as a defendant in place of the KS Bearings defendants.

5. Each signatory to this Stipulation of Dismissal Without Prejudice has the requisite authority to execute this Stipulation and undersigned counsel has the authority to bind, and by virtue of this Stipulation do bind, their respective clients.

3

Dated:  March 28, 2008

>Respectfully submitted,
>
>/s/ Richard E. Genter
>Richard E. Genter, Esquire (PA 30419)
>LAW OFFICES OF RICHARD E. GENTER
>610 Old York Road, Suite 200
>Jenkintown, PA  19046
>Telephone:  215-884-8190
>E-mail:  richard@genterlaw.com
>*Attorney for Plaintiff Robin Holleran*
>
>/s/ Catherine B. Slavin (with consent)
>Catherine B. Slavin, Esquire (PA 48360)
>COZEN AND O'CONNOR
>1900 Market Street
>Philadelphia, PA  19103
>Telephone:  215-665-2000
>E-mail:  cslavin@cozen.com
>*Attorney for AVCO CORPORATION; AVCO CORPORATION, On Behalf Of Its Lycoming Engines Division; LYCOMING ENGINES, An Operating Division Of Avco Corporation; AVCO CORPORATION AND ITS LYCOMING ENGINE DIVISION, Formerly Known As TEXTRON LYCOMING*

/s/ Sara K. Kornbluh (with consent)
Sara K. Kornbluh, Esquire (PA 94137)
Reed Smith, LLP
599 LexingtonAvenue, 29th Floor
New York, NY 10022
Telephone: 212-521-5400
E-mail: skornbluh@reedsmith.com
*Attorney for Defendants KS Bearings, Inc., ML-KS Bearings, Inc. and Kolbenschmidt Pierburg AG, on Behalf of its KS Bearings, Inc. Division of Subsidiary*

/s/ Mark Susina (with consent)
Michael G. McQuillen, Esquire
Mark Susina, Esquire
ADLER MURPHY & MCQUILLEN, LLP
One North LaSalle Street, Suite 2300
Chicago, ILL 60602
Telephone: (312) 345-0700
E-mail: mmcquillen@amm-law.com
E-mail: msusina@amm-law.com
*Attorneys for Defendants AAR Distribution, Inc., AAR Services, Inc. d/b/a AAR Distribution, and AAR Corp.*

**SO ORDERED** this ___31st___ day of ___March___, 2008.

_____
John E. Jones, III
United States District Judge