# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH MCCALL, *et al.*, | No. 4:18-CV-01350 |
| Plaintiffs, | (Judge Brann) |
| v. | |
| AVCO CORPORATION, *et al.*, | |
| Defendants. | |

## **MEMORANDUM OPINION**

### **FEBRUARY 4, 2020**

Currently pending before the Court is Avco Corporation's motion for the entry of a confidentiality and protective order.[1] The parties negotiated for some time to enact a confidentiality agreement related to information and materials that Plaintiffs seek from a third party, Continental Motors, Inc. ("Continental").[2] That information relates to valves for which Continental holds a "parts manufacturer approval" issued by the Federal Aviation Administration.[3] The parties largely agree on the wording of a protective order with the exception of one footnote: Defendants request language that states "[c]ounsel for the party in possession of such information may keep copies of work product, that is, work product from which the confidential or

---

[1] Docs. 46, 47.
[2] Doc. 47 at 1.
[3] *Id.*

proprietary information has been redacted," while Plaintiffs request language stating that "[c]ounsel for the party in possession of such information may keep copies of work product, however any confidential or proprietary information must be kept in accordance with this Order."[4]

Defendants contend that their language is necessary to protect confidential and proprietary information from unnecessary disclosure.[5] Plaintiffs, in turn, argue that the language requiring the redaction of confidential material is not customary or necessary.[6] The motion is now ripe for disposition and, for the following reasons, will be granted.

District courts "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."[7] "The party seeking confidentiality establishes good cause by showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity."[8] "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good

---

[4] *Id.* at 2.
[5] Doc. 47 at 3-4.
[6] Doc. 49.
[7] Fed. R. Civ. P. 26(c)(1)(G).
[8] *E.E.O.C. v. Kronos Inc.*, 620 F.3d 287, 302 (3d Cir. 2010) (internal quotation marks omitted).

cause showing."[9] "The burden of justifying confidentiality remains at all times on the party seeking the order."[10]

In determining whether a party has established good cause, the United States Court of Appeals for the Third Circuit has set forth seven factors that district courts should consider:

> 1) whether disclosure will violate any privacy interests;
> 2) whether the information is being sought for a legitimate purpose or an improper purpose;
> 3) whether disclosure of the information will cause a party embarrassment;
> 4) whether confidentiality is being sought over information important to public health and safety;
> 5) whether the sharing of information among litigants will promote fairness and efficiency;
> 6) whether a party benefitting from the order of confidentiality is a public entity or official; and
> 7) whether the case involves issues important to the public.[11]

As to the first factor, disclosure would undoubtedly violate Defendants' privacy interests. Defendants assert—and Plaintiffs do not contest—that the information that will be turned over to Plaintiffs includes product designs and other confidential information that should not be publicly disclosed.[12] Second, while the information is being sought for a legitimate purpose, its disclosure would be harmful to Defendants, and Plaintiffs have not shown—or even asserted—that maintaining

---

[9] *Id.* (internal quotation marks omitted).
[10] *Id.*
[11] *Id.*
[12] Doc. 47 at 3-4.

unredacted information after the conclusion of this case is in any way necessary. Next, it does not appear that any of the information is important to public health or safety, and there is no indication that sharing the information among litigants will promote fairness or efficiency. Finally, weighing in favor of granting the motion is the fact that neither Continental nor Defendants are public entities; rather, this "case involves private litigants, and concerns matters of little legitimate public interest."[13] In sum, the relevant factors weigh in favor issuing a protective order, and Defendants motion will therefore be granted.[14]

An appropriate protective Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[13] *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 788 (3d Cir. 1994).
[14] Plaintiffs request that any proposed redactions be submitted to an appropriate court for review. (Doc. 49 at 2). The Court is of the view that the parties are capable of resolving any disputes regarding what information is confidential and subject to redaction. It goes without saying, however, that should a dispute arise that the parties cannot resolve, they may bring that dispute to the appropriate court for resolution.