# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH MCCALL, Individually and as Personal Representative of the Estate of RYAN LEE MCCALL; and WANCHART MCCALL, Individually and as Natural Father or RYAN LEE MCCALL,<br><br>Plaintiffs,<br>v.<br><br>AVCO CORPORATION; LYCOMING ENGINES; and AVCO LYCOMING-TEXTRON WILLIAMSPORT<br><br>Defendants. | Case No. 18-CV-01350-MWB |

## CONFIDENTIALITY AND PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Defendants desire to protect the proprietary and confidential information of third-party Continental Motors, Inc. ("Continental") relating to the subject matter of this litigation, and it is hereby ORDERED by the Court, that:

**Facts**

1. Avco Corporation issued a subpoena *duces tecum* to Continental regarding information that Plaintiffs contend is relevant to this dispute.

2. After conducting a search of its records, Continental identified certain

1

responsive documents that are confidential and contain proprietary information.

3. Before producing said responsive documents, Continental has requested that a confidentiality and protective order be entered in this action.

**Materials Covered**

4. This Order shall apply to all information and materials disclosed by Continental during the course of the above-captioned litigation (hereinafter "Litigation Materials").

**Method of Designation**

5. Continental may designate as "Confidential" or "Subject to Protective Order" any Litigation Materials that it reasonably and in good faith believes contains or reveals confidential or proprietary information. Confidentiality designations may be made as follows:

    (a) Documents or other tangible Litigation Materials produced by a party may be designated as "Confidential" or "Subject to Protective Order" by stamping or writing the appropriate legend on the document or other Litigation Materials at or before production.

    (b) Where only parts of Litigation Materials are claimed to be confidential, counsel claiming confidentiality shall designate the parts of said materials for which confidentiality is claimed, and only those parts shall be subject to this Order.

(c) Inadvertent failure to designate documents or information as "Confidential" or "Subject to Protective Order" at the time of production or disclosure shall not be deemed a waiver in whole or in part of Continental's claim of confidentiality, either as to the specific information disclosure or as to any other information related thereto or to the same or related subject matter. Confidential or proprietary information inadvertently or unintentionally produced without being designated as such may be retroactively designated and shall be so treated from the date on which written notice of such designation is provided.

**Treatment of Litigation Materials designated "Confidential" or "Subject to Protective Order"**

6. Litigation Materials designated as "Confidential" or "Subject to Protective Order," including any copies, notes, abstracts or summaries thereof, shall be maintained in confidence by the person to whom such materials are produced or disclosed, and shall not be disclosed to any person except:

(a) this Court or the Circuit Court of Orange County, Virginia with respect to Case No. 2017-03086 (the "Virginia Action");

(b) court reporters who record depositions or other testimony in this case or the Virginia Action;

(c) counsel of record to the parties in the litigation, co-counsel of record, and the legal associates, paralegals and clerical or other support staff who are employed by such counsel and are actually involved in assisting in this case or the Virginia Action;

(d) parties, and those directors, officers and employees of the parties who are assisting in this case or the Virginia Action;

(e) experts or consultants retained by the parties or their counsel to assist counsel to prepare this case or the Virginia Action for trial;

(f) deposition and trial witnesses in this case and the Virginia Action; and

(g) any other person upon Continental's written agreement or by Order of this Court, following notice to Continental.

7. All persons authorized by this Order to receive Litigation Materials designated "Confidential" or "Subject to Protective Order" shall maintain such information as confidential in accordance with this Order, and shall use such information solely for the purpose of preparing for and conducting the above-captioned litigation or the Virginia Action, and neither Litigation Materials designated "Confidential" or "Subject to Protective Order" nor the contents thereof shall be used for any business, commercial, or competitive purposes.

103576.06015/122083337v.1
103576.06015/122083337v.1

8. Except for those identified in subparagraphs 6(a), 6(b), 6(c), 6(d), and 6(f), all persons authorized by this Order to receive Litigation Materials designated "Confidential" or "Subject to Protective Order" shall sign an acknowledgement in the form annexed hereto. Such executed acknowledgements shall be maintained by counsel for the party disclosing such information.

**Disclosure**

9. In the event that information from Litigation Materials designated "Confidential" or "Subject to Protective Order" is, either advertently or inadvertently, disclosed to someone not authorized to receive such information under this Order, or if a person so authorized breaches any of his obligations under this Order, counsel of record for the disclosing or breaching party shall immediately give notice of such unauthorized disclosure or breach to Continental's counsel,[1] and also shall disclose the circumstances of the unauthorized disclosure or breach.

**Use in Court**

10. If Litigation Materials designated "Confidential" or "Subject to Protective Order," or quotes from or references to such materials, are to be included in papers filed with or otherwise disclosed to this Court or the court in the Virginia Action, the disclosing party shall move to file such confidential and/or proprietary information

---

[1] Mark B. Roberts, RSA Tower, 27th Floor, 11 North Water Street, Mobile, Alabama 36602, (251) 405-1214, mbr@ajlaw.com.

5

under seal. Additional means to preserve the confidentiality of information presented at a hearing or the trial of this action shall be considered by the Court at or prior to the beginning of such trial.

11. Nothing herein shall prevent any of the parties from (a) using "Litigation Materials designated as "Confidential" or "Subject to Protective Order" in connection with any trial, hearing, or other proceeding in this matter or the Virginia Action (provided such use otherwise complies with the terms of this Order), or (b) seeking further protection with respect to the use of any such materials in connection with such trial, hearing or other proceeding in this matter or the Virginia Action.

**Objections to Confidential Treatment**

12. If any party objects to the designation of any Litigation Materials as "Confidential" or "Subject to Protective Order," the party shall state the objection by letter to counsel for Continental. If the parties are then unable to resolve the objection, any party may move the Court to do so. Until the Court rules on any such motion, the Litigation Materials shall continue to be treated as confidential and proprietary under the terms of this Order. Nothing contained in this provision alters Continental's burden of establishing confidentiality.

**Termination of This Action**

13. Within 120 days after the termination of this action, the original and all copies of each document and thing produced in discovery containing confidential or

103576.06015/122083337v.1
103576.06015/122083337v.1

proprietary information shall be returned to counsel for Continental or destroyed by the party in possession of the confidential or proprietary information.[2] If the party in possession of the confidential or proprietary information destroy the documents containing such information, that party shall certify in writing to Continental that such destruction has been completed within 120 days of the termination of this action or the Virginia litigation, whichever is later.

14. This Order shall continue to be binding after the termination of this action and the Court shall retain jurisdiction of all persons and parties bound by this Order for the purposes of its enforcement.

**Reservations of Rights**

15. Nothing in this Order shall prevent any party from disclosing its own confidential information to any person as it deems appropriate, and any such disclosure shall not be deemed a waiver of any party's rights or obligations under this Order.

16. Nothing herein shall be construed to restrict any party's use of information that is possessed or known prior to disclosure by another party, or is public knowledge or

---

[2] Counsel for the party in possession of such information may keep copies of work product, that is, work product from which the confidential or proprietary information has been redacted.

7

which shall become public knowledge during the course of this Litigation, or is independently developed or acquired from an independent source.

This 4th day of February 2020.

*s/ Matthew W. Brann*
_____
Matthew W. Brann
United States District Judge

103576.06015/122083337v.1
103576.06015/122083337v.1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH MCCALL, Individually and as Personal Representative of the Estate of RYAN LEE MCCALL; and WANCHART MCCALL, Individually and as Natural Father or RYAN LEE MCCALL, <br><br> Plaintiffs, <br> v. <br><br> AVCO CORPORATION; LYCOMING ENGINES; and AVCO LYCOMING-TEXTRON WILLIAMSPORT <br><br> Defendants. | Case No. 18-CV-01350-MWB |

## **ACKNOWLEDGEMENT**

I have read the attached Consent Confidentiality and Protective Order entered by the Court on February 4, 2020 in the above-styled case (the "Order"). I understand the terms of the Order, agree that I am bound by the Order, and hereby submit to the jurisdiction of the United States District Court for the Middle District of Pennsylvania for purposes of the enforcement of the terms of the Order.

_____
(Recipient of confidential information)


Date: _____